EXHIBIT 1

Date Filed 10/2/2023 11:57 AM
Superior Court - Middlesex
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2381CV02772 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY |

| Plaintiff | Mara Silvia | Defendant: | Kohl's, Inc. |
|---|---|---|---|
| ADDRESS: | 18 Donna Road | ADDRESS | N56 W17000 Ridgewood Drive |
| | North Billerica, MA 01682 | | Menomonee Falls, Wisconsin, 52051 |

| Plaintiff Attorney: | Sean C. Joanis | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Jason Stone Injury Lawyers | ADDRESS | |
| | 225 Friend Street Suite 301 | | |
| | Boston, MA 02114 | | |
| BBO: | 653582 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury - Slip and Fall | F | ☒ YES    ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES    ☐ NO

Is there a class action under Mass. R. Civ. P. 23?
☐ YES    ☐ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses                                              $23,889.06
2. Total doctor expenses                                               $621.00
3. Total chiropractic expenses
4. Total physical therapy expenses                                     $11,872.12
5. Total other expenses (describe below)                               $1,719.12
   EMS

RECEIVED
10/2/2023

Subtotal (1-5):                                                        $38,101.30

B. Documented lost wages and compensation to date
C. Documented property damages to date                                 $2,500.00
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages                                   $35,000.00
F. Other documented items of damages (describe below)

TOTAL (A-F):                                                           $75,601.30

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:
Plaintiff sustained a tear and a break in her left ankle.

## CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X _____

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.
Date: 10/02/2023

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____
Date: 10/02/2023

SC0001: 1/13/2023

www.mass.gov/courts

Date/Time Printed:10-02-2023 09:27:10

Date Filed 10/2/2023 11:57 AM
Superior Court - Middlesex
Docket Number

**1**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
C.A. NO. 2381CV02772

MARA SILVIA.

    Plaintiff,

v.

KOHL'S, INC.,

    Defendant.

**RECEIVED**

10/2/2023

### COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The plaintiff, Mara Silvia, is a resident of Middlesex County, Massachusetts.

2. The defendant, Kohl's, Inc., is a foreign corporation with a principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin with a registered agent listed as Corporate Creations Network Inc., located at 225 Cedar Hill Street #200, Marlborough, Middlesex County, Massachusetts.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

3. The plaintiff realleges, repleads, and incorporates by reference paragraphs 1-2 above as if fully set forth herein.

4. On or about November 22, 2020, the plaintiff, Mara Silvia, was lawfully on the property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

5. On or about November 22, 2020, the defendant, Kohl's, Inc., owned the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

6. On or about November 22, 2020, the defendant, Kohl's, Inc., managed the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

7.    On or about November 22, 2020, the defendant, Kohl's, Inc., maintained the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

8.    On or about November 22, 2020, the defendant, Kohl's, Inc., operated the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

9.    As the owner of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Kohl's, Inc., owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

10.   As the manager of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Kohl's, Inc., owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

11.   As the operator of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Kohl's, Inc., owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

12.   As the maintainer of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Kohl's, Inc., owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and otherwise prevent, and warn of, dangerous conditions thereon.

13.   On or about November 22, 2020, the plaintiff, Mara Silvia, while lawfully on the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, was caused to trip and fall and sustain injury due to an unsafe and dangerous condition which existed on the premises due to the defendant's negligence, specifically a pothole/divot in the parking lot pavement.

14.   The Defendant, Kohl's, Inc., knew of the dangerous and defective condition prior to the Plaintiff, Mara Silvia's fall.

15.   The Defendant, Kohl's, Inc., should have known of the dangerous and defective condition prior to the Plaintiff, Mara Silvia's fall.

Date Filed 10/2/2023 11:57 AM
Superior Court - Middlesex
Docket Number

16.     The dangerous and defective condition was in existence for a reasonable period of
        time without the Defendant, Kohl's, Inc., taking steps to address the dangerous
        condition.

17.     As a result of the Defendant, Kohl's, Inc.'s negligence, the Plaintiff, Mara Silvia,
        sustained serious personal injuries, incurred substantial medical bills and expenses,
        ensured a loss of earning capacity and has been prevented from performing her
        usual activities of daily living.

COUNT I
(Negligence)

18.     The plaintiff realleges, repleads, and incorporates by reference paragraphs 1-17
        above as if fully set forth herein.

19.     On or about November 22, 2020, the defendant, Kohl's, Inc., caused or allowed the
        property located at 150 Lexington Street, Burlington, Middlesex County,
        Burlington, Massachusetts, to remain in an unsafe and dangerous condition for an
        unreasonable period of time.

20.     The defendant, Kohl's, Inc., knew or should have known of the unsafe and
        dangerous condition at the property located at 150 Lexington Street, Burlington,
        Middlesex County, Burlington, Massachusetts.

21.     The unsafe and dangerous condition existed at the Defendant, Kohl's, Inc.'s
        property located at 150 Lexington Street, Burlington, Middlesex County,
        Burlington, Massachusetts, for a sufficient amount of time that it should have been
        addressed.

22.     As a result of the Defendant, Kohl's, Inc.'s negligence, the Plaintiff, Mara Silvia,
        sustained serious personal injuries, incurred substantial medical bills and expenses,
        ensured a loss of earning capacity and has been prevented from performing her
        usual activities of daily living.

WHEREFORE, the plaintiff, Mara Silvia, prays that this Honorable Court enter judgment
against the defendant, Kohl's, Inc., on Count I, in the full amount of any and all damages
recoverable at law, costs, attorneys' fees, and for such other and further relief which this
Court deems just and proper.

Date Filed 10/2/2023 11:57 AM
Superior Court - Middlesex
Docket Number

## THE PLAINTIFF MARA SILVIA DEMANDS A
## JURY TRIAL ON ALL ISSUES

Respectfully submitted.
Plaintiff, Mara Silvia,
By her Attorney,

/s/ *Sean C. Joanis*

_____

Sean C. Joanis, Esq., BBO # 653582
JASON STONE INJURY LAWYERS
225 Friend Street, Suite 301
Boston, MA 02114
(617) 523-4357
SCJ@StoneInjury.com

Dated: 10/2/2023

A TRUE COPY ATTEST

DEPUTY SHERIFF
Middlesex County

10/25/23
DATE OF SERVICE

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2381CV02771

Mara Silvia , PLAINTIFF(S),

v.

Kohl's, Inc. , DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO _Kohl's Inc. R/a Corporate Creation_ (Defendant's name)
_Network, Inc._

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex Med_Court, _200 Trade center DR, Woven MA 01801_ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Sean Davis, Esr, 225 Friend st, ste 501. Boston, MA 02114_

3.  **What to include in your response.** An "**Answer**" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.     **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.     **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _Oct. 16th_, 20 _23_.

_(signature)_

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

    I hereby certify that on _____, 20 ___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____ , 20 ___      Signature: _____

**N.B.**     **TO PROCESS SERVER:**

    **PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

```
                                              , 20___
```