UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ———————————————— ) | | |
| MARA SILVIA, ) | | |
|      Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| ) | DOCKET NO.: 1:23-CV-12672 | |
| KOHL'S, INC., ) | | |
| BURLINGTON CENTERS, LLC, ) | | |
| DIVISIONS, INC. ) | | |
|      Defendants ) | | |
| ———————————————— ) | | |

<u>SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

<u>PARTIES</u>

1.    The plaintiff, Mara Silvia, is a resident of Middlesex County, Massachusetts.

2.    The defendant, Kohl's, Inc., is a foreign corporation with a principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin with a registered agent listed as Corporate Creations Network Inc., located at 225 Cedar Hill Street #200, Marlborough, Middlesex County, Massachusetts.

3.    The defendant, Burlington Centers, LLC, ("Burlington") is a domestic limited liability company located at RK Centers, 456 Providence Highway, Dedham, Massachusetts with a registered agent of David Katz, c/o RK Centers, 50 Cabot Street, Suite 200, Needham, Norfolk County, Massachusetts.

4.    The defendant, Divisions, Inc. d/b/a Divisions Maintenance Group, Inc. ("Divisions"), is a foreign company located at 50 W. 5th Street, Cincinnati, Ohio, 45202 with a registered agent of Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

5.    The defendant, Divisions, Inc. d/b/a Divisions Maintenance Group, Inc. ("Divisions"), by performing services in the state of Massachusetts has the minimum contacts required for the jurisdiction of this Court.

<u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>

6.    The plaintiff realleges, repleads, and incorporates by reference paragraphs 1-5 above as if fully set forth herein.

7.    On or about November 22, 2020, the plaintiff, Mara Silvia, was lawfully on the property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

8.     On or about November 22, 2020, the defendant, Kohl's, Inc., owned the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

9.     On or about November 22, 2020, the defendant, Kohl's, Inc., managed the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

10.     On or about November 22, 2020, the defendant, Kohl's, Inc., maintained the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

11.     On or about November 22, 2020, the defendant, Kohl's, Inc., operated the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

12.     As the owner of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Kohl's, Inc., owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

13.     As the manager of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Kohl's, Inc., owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

14.     As the operator of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Kohl's, Inc., owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

15.     As the maintainer of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Kohl's, Inc., owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and otherwise prevent, and warn of, dangerous conditions thereon.

16.     On or about November 22, 2020, the defendant, Burlington, owned the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

17.     On or about November 22, 2020, the defendant, Burlington, managed the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

18.     On or about November 22, 2020, the defendant, Burlington, maintained the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

19.     On or about November 22, 2020, the defendant, Burlington, operated the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

20.     As the owner of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Burlington, owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

21.     As the manager of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Burlington, owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

22.     As the operator of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Burlington, owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

23.     As the maintainer of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Burlington, owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and otherwise prevent, and warn of, dangerous conditions thereon.

24.     On or about November 22, 2020, the defendant, Divisions, owned the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

25.     On or about November 22, 2020, the defendant, Divisions, managed the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

26.     On or about November 22, 2020, the defendant, Divisions, maintained the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

27.    On or about November 22, 2020, the defendant, Divisions, operated the subject premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

28.    As the owner of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Divisions, owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

29.    As the manager of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Divisions, owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

30.    As the operator of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Divisions, owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and to prevent, and warn of, dangerous conditions thereon.

31.    As the maintainer of the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, the defendant, Divisions, owes a duty of reasonable care to all persons lawfully on their premises, to maintain the premises, in a safe condition, and otherwise prevent, and warn of, dangerous conditions thereon.

32.    On or about November 22, 2020, the plaintiff, Mara Silvia, while lawfully on the premises located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, was caused to trip and fall and sustain injury due to an unsafe and dangerous condition which existed on the premises due to the defendant's negligence, specifically a pothole/divot in the parking lot pavement.

33.    The Defendant, Kohl's, Inc., knew of the dangerous and defective condition prior to the Plaintiff, Mara Silvia's fall.

34.    The Defendant, Kohl's, Inc., should have known of the dangerous and defective condition prior to the Plaintiff, Mara Silvia's fall.

35.    The dangerous and defective condition was in existence for a reasonable period of time without the Defendant, Kohl's, Inc., taking steps to address the dangerous condition.

36.    The Defendant, Burlington, knew of the dangerous and defective condition prior to the Plaintiff, Mara Silvia's fall.

37.    The Defendant, Burlington, should have known of the dangerous and defective condition prior to the Plaintiff, Mara Silvia's fall.

38.   The dangerous and defective condition was in existence for a reasonable period of time without the Defendant, Burlington, taking steps to address the dangerous condition.

39.   The Defendant, Divisions, knew of the dangerous and defective condition prior to the Plaintiff, Mara Silvia's fall.

40.   The Defendant, Divisions, should have known of the dangerous and defective condition prior to the Plaintiff, Mara Silvia's fall.

41.   The dangerous and defective condition was in existence for a reasonable period of time without the Defendant, Divisions, taking steps to address the dangerous condition.

42.   As a result of the Defendant, Kohl's, Inc.'s negligence, the Plaintiff, Mara Silvia, sustained serious personal injuries, incurred substantial medical bills and expenses, ensured a loss of earning capacity and has been prevented from performing her usual activities of daily living.

43.   As a result of the Defendant, Burlington's negligence, the Plaintiff, Mara Silvia, sustained serious personal injuries, incurred substantial medical bills and expenses, ensured a loss of earning capacity and has been prevented from performing her usual activities of daily living.

44.   As a result of the Defendant, Divisions' negligence, the Plaintiff, Mara Silvia, sustained serious personal injuries, incurred substantial medical bills and expenses, ensured a loss of earning capacity and has been prevented from performing her usual activities of daily living.

<u>COUNT I</u>
(Negligence v. Kohl's Inc.)

45.   The plaintiff realleges, repleads, and incorporates by reference paragraphs 1-44 above as if fully set forth herein.

46.   On or about November 22, 2020, the defendant, Kohl's, Inc., caused or allowed the property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, to remain in an unsafe and dangerous condition for an unreasonable period of time.

47.   The defendant, Kohl's, Inc., knew or should have known of the unsafe and dangerous condition at the property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

48.   The unsafe and dangerous condition existed at the Defendant, Kohl's, Inc.'s property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, for a sufficient amount of time that it should have been addressed.

49.   As a result of the Defendant, Kohl's, Inc.'s negligence, the Plaintiff, Mara Silvia, sustained serious personal injuries, incurred substantial medical bills and expenses, ensured a loss of earning capacity and has been prevented from performing her usual activities of daily living.

WHEREFORE, the plaintiff, Mara Silvia, prays that this Honorable Court enter judgment against the defendant, Kohl's, Inc., on Count I, in the full amount of any and all damages recoverable at law, costs, attorneys' fees, and for such other and further relief which this Court deems just and proper.

## COUNT II
### (Negligence v. Burlington Centers, LLC)

50.    The plaintiff realleges, repleads, and incorporates by reference paragraphs 1-49 above as if fully set forth herein.

51.    On or about November 22, 2020, the defendant, Burlington, caused or allowed the property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, to remain in an unsafe and dangerous condition for an unreasonable period of time.

52.    The defendant, Burlington, knew or should have known of the unsafe and dangerous condition at the property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

53.    The unsafe and dangerous condition existed at the Defendant, Burlington's property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, for a sufficient amount of time that it should have been addressed.

54.    As a result of the Defendant, Burlington's negligence, the Plaintiff, Mara Silvia, sustained serious personal injuries, incurred substantial medical bills and expenses, ensured a loss of earning capacity and has been prevented from performing her usual activities of daily living.

WHEREFORE, the plaintiff, Mara Silvia, prays that this Honorable Court enter judgment against the defendant, Burlington Centers, LLC, on Count II, in the full amount of any and all damages recoverable at law, costs, attorneys' fees, and for such other and further relief which this Court deems just and proper.

## COUNT III
### (Negligence v. Divisions Inc.)

55.    The plaintiff realleges, repleads, and incorporates by reference paragraphs 1-54 above as if fully set forth herein.

56.    On or about November 22, 2020, the defendant, Divisions, Inc., caused or allowed the property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts, to remain in an unsafe and dangerous condition for an unreasonable period of time.

57.    The defendant, Divisions, Inc., knew or should have known of the unsafe and dangerous condition at the property located at 150 Lexington Street, Burlington, Middlesex County, Burlington, Massachusetts.

58.    The unsafe and dangerous condition existed at the Defendant, Divisions Inc.'s property located at 150 Lexington Street, Burlington, Middlesex County, Burlington,

Massachusetts, for a sufficient amount of time that it should have been addressed.

59.    As a result of the Defendant, Divisions, Inc.'s negligence, the Plaintiff, Mara Silvia,
       sustained serious personal injuries, incurred substantial medical bills and expenses,
       ensured a loss of earning capacity and has been prevented from performing her usual
       activities of daily living.

WHEREFORE, the Plaintiff, Mara Silvia, prays that this Honorable Court enter judgment against
the defendant, Divisions Inc., on Count III, in the full amount of any and all damages recoverable
at law, costs, attorneys' fees, and for such other and further relief which this Court deems just and
proper.


**THE PLAINTIFF MARA SILVIA DEMANDS A JURY TRIAL ON ALL ISSUES**

                        Respectfully submitted,
                        Plaintiff, Mara Silvia,
                        By her Attorney,

                        /s/ *Sean C. Joanis*
                        _____
                        Sean C. Joanis, Esq., BBO # 653582
                        JASON STONE INJURY LAWYERS
                        225 Friend Street, Suite 301
                        Boston, MA 02114
                        (617) 523-4357
                        SCJ@StoneInjury.com

Dated: 6/21/2024