UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARA SILVIA,<br>　　　　Plaintiff,<br><br>v.<br><br>KOHL'S, INC.,<br>BURLINGTON CENTERS, LLC, and<br>DIVISIONS, INC.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:23-cv-12672-JEK<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, DIVISIONS, INC.'S ANSWERS TO
PLAINTIFF MARA SILVIA'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Divisions, Inc. (hereinafter "Divisions") respond to the Plaintiff's First Set of Interrogatories as follows:

**INTERROGATORY 1**

State:

(a)　The name and address of the person or persons answering these interrogatories;
(b)　His/her relationship to defendant; and,
(c)　His/her current position of employment.
(d)　His/her position of employment.

**ANSWER NO. 1**

Jim Rubino, Northeast Regional Manager for Divisions.

**INTERROGATORY 2**

Identify each individual serving as owner, shareholder or partner Divisions, Inc. on November 22, 2020, through present. With respect to each such person, state the following:

a)　Name;
b)　Title(s);
c)　Job description;
d)　Business address;
e)　Date of hire and termination, if applicable.

**ANSWER NO. 2**

Divisions objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it seeks information which has no rational relationship to the allegations detailed in the Complaint and is unlikely to lead to the discovery of admissible evidence.

**INTERROGATORY 3**

Please state the full name(s) of each person in charge of the Burlington Centers, LLC account on November 22, 2020, and, if a corporation, trust or other entity (as opposed to an individual), please state the entity's full name and state of incorporation or place of record, as applicable.

**ANSWER NO. 3**

Divisions did not have any agreement, contract, or account with Burlington Centers, LLC (hereinafter "Burlington") on November 22, 2020.

**INTERROGATORY 4**

Please state the full name(s) of each entity and/or person, whether an employee or otherwise, who maintained any equipment on your behalf contained within the premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts, and in the two years prior to the incident.

**ANSWER NO. 4**

Divisions did not have any equipment on the premises.

**INTERROGATORY 5**

Please state what person or entity, whether an employee or otherwise, was responsible for ensuring that the parking lot on the premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts, was free from hazardous conditions or defects on November 22, 2020.

**ANSWER NO. 5**

Gregory Michon performed inspections for Divisions on April 9, 2020, June 9, 2020, August 4, 2020, and October 9, 2020.

**INTERROGATORY 6**

Please provide the names, addresses, current job title and job title on November 22, 2020, of those employees who were responsible for overseeing the persons or entities responsible for maintaining the premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts on November 22, 2020.

**ANSWER NO. 6**

Gregory Michon was a District Manager for Divisions. He can be contacted through counsel.

**INTERROGATORY 7**

Referring to your answer to the previous interrogatory, please describe the business relationship said entity or person listed in the response to Interrogatory 5 had with the Defendant, Divisions, Inc., specifically stating if said entity was an employee of the Defendant Divisions, Inc., or was an independent contractor.

**ANSWER NO. 7**

Gregory Michon was an employee of Divisions.

**INTERROGATORY 8**

Please identify all documents, contracts, written agreements and statements between the defendant, Divisions, Inc., and any other entity that includes, but is not limited to, documents detailing the responsibilities of the parties, ownership of the property, maintenance of the premises, maintenance of the parking lot, and the procedure for filing maintenance requests at the premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts that were in existence on November 22, 2020.

**ANSWER NO. 8**

Divisions had an Independent Contractor Agreement with Kohl's, Inc. (hereinafter "Kohl's") on November 22, 2020.

**INTERROGATORY 9**

Please state what directions, policies, procedures you gave to the entity or entities employed or contracted by Divisions, Inc. to maintain the parking lot of the premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts on November 22, 2020.

**ANSWER NO. 9**

Divisions' Independent Contractor Agreement with Kohl's laid out the directions, policies, and procedures to be followed to maintain the parking lot of the premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts on November 22, 2020.

**INTERROGATORY 10**

Please identify all documents that state the dates and times that any employee, agent, or party to a contract with Divisions, Inc. visited the premises at 150 Lexington Street, Burlington, Middlesex County, Massachusetts to service or maintain the parking lot in the roof in the one year prior to and one year subsequent to the date of incident mentioned in plaintiff's complaint.

**ANSWER NO. 10**

Divisions objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it seeks information which has no rational relationship to the allegations detailed in the Complaint and is unlikely to lead to the discovery of admissible evidence. Notwithstanding this objection and subject to it, Gregory Michon performed inspections for Divisions on April 9, 2020, June 9, 2020, August 4, 2020, and October 9, 2020. Further, after the incident, Kohl's requested Divisions repair the pothole the plaintiff alleges caused her fall. Divisions contracted with Ryan Platts d/b/a Platts Landscaping to perform the repair.

**INTERROGATORY 11**

Please identify all documents that state the dates, times, and corresponding parties to any communications concerning the parking lot and any hazardous conditions and defects between Divisions, Inc. and the owner or leaser of the premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts in the one year prior to and one year subsequent to the date of incident mentioned in plaintiff's complaint

**ANSWER NO. 11**

Divisions objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it seeks information which has no rational relationship to the allegations detailed in the Complaint and is unlikely to lead to the discovery of admissible evidence. Notwithstanding this objection and subject to it, Divisions directs the plaintiff to Response No. 1 of Divisions' Responses to the Plaintiff's First Request for Production of Documents.

**INTERROGATORY 12**

State whether you have knowledge of the existence of photographs, videotapes, or movies with respect to the parking lot for which you are responsible to maintain taken within one year prior or subsequent to the incident mentioned in plaintiff's complaint. If so, state the following:

(a)    Describe each photograph, video, or movie;
(b)    State the date each was taken;
(c)    State the name and address of the person taking each such photo, video, or movie; and,
(d)    State the name and address, employer, insurer, and job title of the person presently having control or custody of each photograph, video or movie.

**ANSWER NO. 12**

Divisions objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Notwithstanding this objection and subject to it, Divisions directs the plaintiff to the inspection reports and photographs produced as part of its Initial Disclosures. The photographs were taken by Gregory Michon on April 9, 2020, June 9, 2020, August 4, 2020, and October 9, 2020.

**INTERROGATORY 13**

List and identify:

(a) Each person this defendant expects to call as an expert witness at the trial, whether the witness is a retained expert or non-retained expert, stating for each such expert:
  (i) Name;
  (ii) Address;
  (iii) Occupation;
  (iv) Place of employment;
  (v) Qualifications to give an opinion (if such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this interrogatory subpart); and,

(b) With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

### ANSWER NO. 13

Divisions objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Rule 26(b) of the Federal Rules of Civil Procedure. Subject to and without waiving this objection, Divisions states that no decision has been made at this time as to any expert witnesses that may be called at trial. Divisions reserves the right to supplement this answer in accordance with of the Federal Rules of Civil Procedure 26(a)(2), any Scheduling Orders and Local Rule 26.4.

### INTERROGATORY 14

State the names and addresses of every person known by defendant, defendant's representatives or defendant's attorney to have witnessed the occurrence mentioned in plaintiff's complaint, or who were present at the scene within sixty minutes of the occurrence. Designate which of such people actually claim to have witnessed the occurrence.

### ANSWER NO. 14

Divisions objects to this interrogatory as it seeks information that contain the mental impressions of counsel and/or are attorney work product. Notwithstanding this objection and subject to it, Divisions direct the plaintiff to the potential witnesses listed in their Initial Disclosures. In addition, Divisions states that discovery is ongoing and reserves the right to supplement this answer.

### INTERROGATORY 15

Please state the policies, procedures, and process you had in place on November 22, 2020 for identifying and/or receiving reports of hazardous conditions on the property located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts.

### ANSWER NO. 15

Divisions objects to this interrogatory as it disputes that there was a hazardous condition present at the property on November 22, 2020. Notwithstanding this objection and subject to it, Divisions answers its Independent Contractor Agreement with Kohl's laid out the policies,

policies, and processes for identifying and/or receiving reports of hazardous conditions on the property located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts.

**INTERROGATORY 16**

Please state the policies, procedures, and processes you had in place on November 22, 2020 for processing, handling, and responding to reports of hazardous conditions on the property located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts.

**ANSWER NO. 16**

Divisions objects to this interrogatory as it disputes that there was a hazardous condition present at the property on November 22, 2020.  Notwithstanding this objection and subject to it, Divisions answers its Independent Contractor Agreement with Kohl's laid out the policies, policies, and processes for processing, handling, and responding to reports of hazardous conditions on the property located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts.

**INTERROGATORY 17**

If you claim that the Plaintiff's injuries were caused or contributed to by the acts or omissions of any person or company for whose conduct you are not responsible, identify each such person or entity and set forth with respect to each such person or entity the acts or omissions or other facts which you claim establish negligence or fault on the part of such person or company.

**ANSWER NO. 17**

Divisions objects to this interrogatory as it seeks information that contain the mental impressions of counsel and/or are attorney work product.  Notwithstanding this objection and subject to it, Divisions states the plaintiff failed use reasonable care in traversing the parking lot.  In addition, Divisions states that discovery is ongoing and reserves the right to supplement this answer.

**INTERROGATORY 18**

If you claim that any negligence on the part of the Plaintiff contributed to the Plaintiff's injury, describe in detail each act or omission which you assert as constituting negligence on the part of the plaintiff.

**ANSWER NO. 18**

Divisions objects to this interrogatory as it seeks information that contain the mental impressions of counsel and/or are attorney work product.  Notwithstanding this objection and subject to it, Divisions states the plaintiff failed use reasonable care in traversing the parking lot.  In addition, Divisions states that discovery is ongoing and reserves the right to supplement this answer.

**INTERROGATORY 19**

Please identify each agent, servant, employee, or representative of the responding defendant who has the most knowledge about each of the following areas with respect to the premises:

management; repair and maintenance; inspections; security and safety policies, procedures and practices; injury prevention.

**ANSWER NO. 19**

Divisions objects to this interrogatory as it seeks the identify of witnesses who would testify on its behalf pursuant to Federal Rules of Civil Procedure 30(b)(6). Divisions will identify and produce appropriate witnesses upon receipt of a proper 30(b)(6) deposition notice and Schedule A.

**INTERROGATORY 20**

If the Defendant has ever received any other report or claim of incident and/or injury arising from any alleged incident involving the parking lot in need of repair at the Premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts, with which you do business, please set forth:

(a)     its date;
(b)     a description of what happened (or allegedly happened), including the location, a description of any claimed injuries or property damage or loss;
(c)     the identity of the person or persons involved (both the identities of those who allegedly slipped and the persons who reported the incidents); and
(d)     the case name, court, docket number, and the identity of the plaintiff's attorney for any lawsuit filed as a result of the incident.

**ANSWER NO. 20**

Divisions objects to this interrogatory on the grounds that it is overly broad, not limited in time or scope, and unduly burdensome in that it seeks information which has no rational relationship to the allegations detailed in the Complaint and is unlikely to lead to the discovery of admissible evidence.

**INTERROGATORY 21**

If a safety evaluation or study was ever conducted of your maintenance process, whether by the Defendant, on the Defendant's behalf, or by any other person or entity, please provide the following information for each such evaluation or study:

(a)     the identity of the person or entity conducting it;
(b)     the date it was done;
(c)     its recommendations or findings;
(d)     the action taken by the Defendant as a result of the evaluation or study; and
(e)     please identify all documents constituting, or which were prepared, as a result of, the evaluation or study.

**ANSWER NO. 21**

Divisions objects to this interrogatory on the grounds that it is overly broad, not limited in time or scope, and unduly burdensome in that it seeks information which has no rational relationship to the allegations detailed in the Complaint and is unlikely to lead to the discovery of admissible evidence.

**INTERROGATORY 22**

State when and how you were first made aware of the incident alleged in the plaintiff's complaint.

**ANSWER NO. 22**

Divisions was first made aware of the incident alleged in the plaintiff's complaint when, after the plaintiff filed her lawsuit against Kohl's, Kohl's tendered the claim to Divisions and included a copy of the lawsuit.

**INTERROGATORY 23**

Please identify all areas within the premises located at 150 Lexington Street, Burlington, Middlesex County, Massachusetts for which you currently provide maintenance and repair services and for which you provided maintenance and repair services in the two years prior to this incident.

**ANSWER NO. 23**

Divisions provided common area maintenance services, specifically sweeping, landscaping, and snow removal services, pursuant to its Independent Contractor Agreement with Kohl's.

**VERIFICATION**

I, Jim Rubino, depose and say that I am the District Manager of Divisions, Inc. and that I sign the foregoing Answers to Interrogatories on behalf of Divisions, Inc. and am duly authorized to do so; that I have read the foregoing document and know the contents thereof to be true and accurate upon my personal knowledge, or to the extent that these Answers are based upon information outside of my personal knowledge, that I believe these Answers to be true and accurate to the best of my ability.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 26 DAY OF MARCH 2025.**

- 9 -

*[signature]*

Jim Rubino, Northeast Regional Manager

As to Objections:

The Defendant,
DIVISIONS, INC.,
By its attorneys,

_____
Nora A. Adukonis, BBO #676932
Stephen J. LaMonica, BBO# 696276
LITCHFIELD CAVO LLP
6 Kimball Lane, Suite 200
Lynnfield, MA  01940
(781) 309-1500
Adukonis@litchfieldcavo.com
LaMonica@litchfieldcavo.com

## CERTIFICATE OF SERVICE

      I, Stephen J. LaMonica, hereby certify that on this 27th day of March 2025, I served the within document by electronic mail to counsel of record as follows:

| | |
|---|---|
| Sean C. Joanis, Esq. | Thomas V. DiGangi, Esq. |
| Jason Stone Injury Lawyers | Coughlin Betke, LLP |
| 225 Friend Street – Suite 301 | 175 Federal Street |
| Boston, MA 02114 | Boston, MA 02110 |
| scj@stoneinjury.com | tdigangi@coughlinbetke.com |
| *Counsel for Plaintiff* | *Counsel for Defendant, Kohl's Inc. and Burlington Centers, LLC* |

_____
Stephen J. LaMonica, Esq.